Hoffman, J.
It appears to me that the bill of lading properly admits of only one construction; and that is, that the parties undertook, as common carriers, to transport the treasure from San Francisco to Panama; then to be forwarded across the Isthmus; then to be reshipped by one of the vessels designated to Hew York, there to be delivered ; and that the exception to responsibility, was from dangers of the seas, dangers of land carriage, and river navigation, and dangers from thieves and robbers.
The duty assumed by the defendants, was the duty of common carriers throughout; and, to exonerate themselves from liability for a loss, they were bound to show that it occurred from one or more of the causes within the exception.
*220 The learned Judge covered these cases in his charge to the Jury. “The gold dust not having been delivered, it is incumbent upon the defendant to show, by satisfactory evidence, that he has been prevented from delivering it by some of these causes.
Ho part of the charge is excepted to.
The defendant’s Counsel requested the Court to charge, “ that the true construction of the bill of lading is, that the transportation on the Isthmus by road and river navigation was to be at the risk of the plaintiff, and that, so far as the Isthmus was concerned, the defendant was a bailee for hire, and not a common carrier; and that the plaintiff cannot recover in this action, unless he proves that the loss was by the negligence of the defendant or his agents. The Court refused so to charge, to which refusal the defendant’s Counsel excepted.
There is not in my opinion the slightest reason in the language or apparent object of the instrument, to warrant such a construction. The duty as common carrier is not severed so as to last for the voyage from San Francisco, to Panama, then to cease on the Isthmus, and to be resumed at the Atlantic Ocean. If so important a change of relations was intended by the parties, they should have employed terms adequate to have expressed it. There are none such here.
The only other exceptions arise as follows:
The defendant’s Counsel put to the witness the following question: “In what shape was this bill of lading, when presented to Collins, Cushman & Co.,” (the shippers of the gold dust.) The plaintiff’s Counsel objected to the question. The Court sustained the objection, and the defendant’s Counsel excepted.
The defendant’s Counsel then offered and proposed to prove by the witness:
“ That it was the custom of shippers of treasure to insure the treasure against risks on the Isthmus.
To prove the customary premium on insurance of treasure, against the risks of the Isthmus in March, 1851.
*221 “To prove that there was a custom in reference to the transportation of treasure across the Isthmus in 1851, and previous thereto, by which the carrier of gold from San Francisco to New York, refused to assume any risk of transportation on the Isthmus, and that the bills of lading then in use, excepted all risks of land and river carriage on the Isthmus.
“ To prove that the bill of lading read in evidence by the plaintiff, was entered into with this understanding, for the purpose of explaining any ambiguity in the language.
“To prove that the parties who shipped the treasure in question, had frequently before shipped treasure by the line on which this treasure was shipped, and when they shipped this treasure they knew the customs which the defendant’s Counsel had offered to prove as above stated.
“And to prove that Henry Tracy was the agent at Panama, of the United States Mail Steamship Company, and not of the defendant.”
To each of these offers or propositions which were separately made, the plaintiff’s Counsel objected, as they were respectively made, and the Court sustained each objection, and excluded all of said testimony. And the defendant’s Counsel excepted to each of such decisions of the Court.
The leading object of these offers of counsel, is to show that a custom existed by which the plain language of a bill of lading constituting common carriers is to be superseded, and that they were bound, for a portion of the transportation of the goods, only for acts of neglect on their own part, or on the part of their servants; that the burden of proof is changed, and instead of discharging themselves by proof of the case being within an exception, the shipper must show their negligence and fault.
I cannot imagine that any respectable authority can be found which would justify the introduction of a custom in proof to control and annul the legal effect of the instrument in question. It is also remarkable, if the bills of lading in common use had the effect ascribed to them, that in the present instance a wholly different bill of *222 lading has been used, without any proof of mistake or accident.
The appellant has not relied, in his points, upon the exceptions for not admitting proof of an insurance by the plaintiff. We cannot see how such a fact could have varied the case. Nor has he insisted upon the repetition of the offer to prove that he was the agent of the mail company at Panama and not of the defendant.
I think the judgment should be affirmed, with costs.
Bosworth, Ch. J., and Robertson, J., concurred.
Judgment affirmed.